COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Willis


RICHMOND DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
v.      Record No. 2261-05-2                                    PER CURIAM
                                                              JUNE 13, 2006
PETERSBURG DEPARTMENT OF SOCIAL SERVICES[1]


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

(Sarah M. Denham, Assistant City Attorney, on brief), for appellant.

(Joan M. O'Donnell; James R. Traylor, Guardian *ad litem* for the
infant child, on brief), for appellee.


By order entered August 18, 2005, the Circuit Court for the City of Petersburg ("trial court")

determined that it was without jurisdiction to entertain an appeal by the Richmond Department of

Social Services ("RDSS") from certain orders entered by the Juvenile and Domestic Relations

District Court for the City of Petersburg ("JDR court").  On this appeal, RDSS contends the trial

court's determination was error.  We disagree, and summarily affirm the decision of the trial court.

Rule 5A:27.

The Petersburg Department of Social Services ("PDSS") removed L.J., a child, from his

home.  PDSS learned that L.J.'s caretaker had signed a "safety plan" with RDSS, requiring the

caretaker to take certain steps for L.J.'s benefit.  The JDR court held two hearings.  At the first, an

Emergency Removal Hearing, it awarded temporary custody of L.J. to PDSS.  At the second, a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellee's motion is granted only to the extent that the name of appellee is changed to
reflect the proper appellee.

Preliminary Removal Hearing, it ordered RDSS to take custody of L.J., and entered a Preliminary Removal Order, an Adjudicatory Order, and an Order of Transfer. RDSS appealed those orders to the trial court.

PDSS filed a motion to dismiss in the trial court. The trial court held a hearing on the motion, after which it entered an order finding "that no final or dispositional order has been entered in this matter [by the JDR court] in accordance with Va. Code § 16.1-296 and that this Court is therefore without jurisdiction to proceed on the Notice of Appeal filed by Richmond Department of Social Services."

On appeal to us, RDSS contends the trial court erred (1) in finding that the JDR court's orders were not appealable, and (2) by refusing to address whether the transfer of L.J.'s custody to RDSS was appropriate. Because the first issue is dispositive of this appeal, we address it alone.

Code § 16.1-252 governs preliminary removal orders. In contrast, Code § 16.1-278.2 governs dispositional, or final, orders. The question is whether a party may appeal to a circuit court from a JDR court's entry of a preliminary removal order. The answer is "no."

Code § 16.1-278.2(D) reads: "A dispositional order entered pursuant to this section is a final order from which an appeal may be taken in accordance with § 16.1-296." Code § 16.1-252 contains no such language, but does read, "The hearing shall be in the nature of a preliminary hearing rather than a final determination of custody." Code § 16.1-252(A). Likewise, Code § 16.1-296(A) states "orders entered pursuant to § 16.1-278.2 are final orders from which an appeal may be taken." That statute makes no mention of orders entered pursuant to Code § 16.1-252.

In addition, subpart (H) of Code § 16.1-252 instructs the JDR court to schedule "a dispositional hearing . . . pursuant to § 16.1-278.2" within seventy-five days of the date of the

preliminary removal hearing. The clear interplay between these two statutes reveals a statutory intent that the preliminary removal order issue prior to the dispositional hearing and that disputes concerning the preliminary removal order be resolved at the dispositional hearing. By plain language and by clear textual implication, a preliminary removal order is not a dispositional order, is not a final order, and thus is not subject to appeal. A contrary interpretation would render meaningless the statutory scheme, and the resulting circuit court jurisdiction could frustrate the deadlines imposed upon the JDR court.

RDSS also contends that the trial court's orders serve as the functional equivalent of dispositional orders. In support of this argument, RDSS argues that "Virginia Code § 16.1-278.2 dictates that a court may transfer legal custody of a child to a local board of social services upon *disposition* to protect the welfare of the child[,]" and "because the JDR court issued a finding of abuse and neglect and because that court properly disposed of the case by transferring custody to RDSS, it clearly issued a final dispositional order notwithstanding the timing of the hearing or the title of the order."

We reject this argument. While Code § 16.1-278.2 allows a JDR court to transfer custody permanently upon disposition, Code § 16.1-252, as well as Code § 16.1-251, allow for temporary transfers of custody. Likewise, Code §§ 16.1-251 and 16.1-252 have their own procedural requirements, which are distinct from the mechanisms provided in Code § 16.1-278.2. RDSS cannot graft a Code § 16.1-278.2 requirement onto the other two statutes.

For these reasons, we conclude that the trial court did not err in finding that it lacked jurisdiction to entertain RDSS's appeal. We summarily affirm that finding. Rule 5A:27.

Affirmed.